# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBINSON ULLOA LOPEZ, | : | |
| Petitioner, | : | Civ. No. 17-2304 (KM) |
| v. | : | |
| CHARLES GREEN, | : | OPINION |
| Respondent. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION & BACKGROUND

The petitioner, Robinson Ulloa Lopez, is an immigration detainee currently lodged at the Essex County Correctional Facility in Newark, New Jersey. A native and citizen of the Dominican Republic, he entered the United States in 2000. In 2003, he was convicted of possession with intent to distribute cocaine within 1,000 feet of a school. He was sentenced to probation for four years. Mr. Lopez was placed and has remained in immigration detention from June 10, 2016, to the present.

On December 9, 2016, an Immigration Judge ("IJ") ordered Mr. Lopez removed from the United States. On April 26, 2017, the Board of Immigration Appeals ("BIA") dismissed Mr. Lopez's appeal. However, on May 8, 2017, the United States Court of Appeals for the Third Circuit issued a temporary stay of removal.

In April, 2017, Mr. Lopez filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. He asserts that he should not be removed from the United States. Furthermore, he challenges his current immigration detention.

On May 4, 2017, or after the BIA dismissed the appeal, but before the Third Circuit granted a temporary stay of removal, the government filed its response to the habeas petition. (*See* Dkt. No. 4) In its response, the government argued that the habeas petition was now moot because Mr. Lopez was now in post-removal immigration detention in light of the BIA's dismissal of his appeal several days prior. However, in light of the Third Circuit's grant of a temporary stay of removal, I ordered the government to file a supplemental response. On May 31, 2017, the government filed a supplemental response in which it states that it does not object to this Court ordering that a bond hearing take place before an IJ. The same day, May 31, 2017, this Court received Mr. Lopez's reply brief in support of his habeas petition.

## II. DISCUSSION

### A. Challenge to Removal

Mr. Lopez challenges the government's ability to removal him from the United States in his habeas petition. He argues that his controlled substance conviction does not make him removable. This type of challenge may not be brought in this Court. The REAL ID Act provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter,* except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 or Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added). The REAL ID's modifications to former law "effectively limit all aliens to one bite of the apple with regard to challenging an order of

2

removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)." *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005) (citation omitted). Accordingly, the REAL ID Act effectively strips a District Court of jurisdiction to review a habeas petition challenging an order of removal. *See Urquiaga v. Hendricks*, No. 12-2368, 2012 WL 5304206, at *2 (D.N.J. Oct. 25, 2012) (citing *Khouzam v. Attorney Gen. United States*, 549 F.3d 235, 244–45 (3d Cir. 2008); *Appiah v. United States Customs & Immigration Serv.*, No. 11-317, 2012 WL 4505847, at *3 (D.N.J. Sept. 25, 2012); *Gallego–Gomez v. Clancy*, No. 11-5942, 2011 WL 5288590, at *2 (D.N.J. Nov. 2, 2011), *aff'd*, 458 F. App'x 91 (3d Cir. 2012); *Calderon v. Holder*, No. 10-3398, 2010 WL 3522092, at *2 (D.N.J. Aug. 31, 2010)); *see also Duvall v. Attorney Gen. United States*, 436 F.3d 382, 386 (3d Cir. 2006) ("The sole means by which an alien may now challenge an order of removal is through a petition for review directed to the court of appeals.") (citation omitted); *Jordon v. Attorney Gen. United States*, 424 F.3d 320, 326 (3d Cir. 2005) ( "[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders."). Therefore, this Court lacks jurisdiction over Mr. Lopez's claims challenging his removability from the United States

B. <u>Challenge to Immigration Detention</u>

Mr. Lopez also challenges his current immigration detention in his habeas petition. The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal. This period of detention is known as the "pre-removal" period. As the government concedes, Mr. Lopez is still in (or perhaps has reverted to) pre-removal immigration detention because of the Third Circuit's grant of a temporary stay of removal. *See Leslie v. Attorney General of United States*, 678 F.3d 265, 270 (3d Cir. 2012). Detention of an alien in the

pre-removal period is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit
> limitation on reasonableness: the statute authorizes only mandatory
> detention that is reasonable in length. After that, § 1226(c) yields
> to the constitutional requirement that there be a further,
> individualized, inquiry into whether continued detention is
> necessary to carry out the statute's purpose.... Should the length of
> [an alien's] detention become unreasonable, the Government must
> justify its continued authority to detain him at a hearing at which it
> bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention beyond which a petitioner would be entitled to a bond hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.*, 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano*, No. 12–7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop*, 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez–Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop*, 656 F.3d at 232, 234). Indeed, in *Chavez–Alvarez*, the Third Circuit noted with respect to the circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478. A petitioner's bad faith, too, has at least the potential to

influence the determination of whether a bond hearing should be ordered. *See Chavez-Alvarez*, 783 F.3d at 476 ("Because we conclude that Chavez-Alvarez did not act in bad faith, we do not need to decide here whether an alien's delay tactics should preclude a bond hearing.").

In the pre-removal context under *Diop* and *Chavez-Alvarez*, the proper relief is to order a bond hearing before the Immigration Judge, not to order the petitioner released from immigration detention. *See Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *1 (D.N.J. Jan. 28, 2013) ("This Court's power to entertain habeas applications ensues from the narrowly-tailored mandate of 28 U.S.C. § 2241, which – with respect to the claims raised by pre-removal order alien detainee's – allows relief limited to a directive of a bond hearing.") (citing *Diop*, 656 F.3d 221).

In this case, Mr. Lopez has been detained pursuant to § 1226(c) for approximately one year. The government concedes at is point that it would be appropriate for this Court to order that a bond hearing be held by an IJ in accord with *Chavez-Alvarez*. In light of the length of time Mr. Lopez has been in immigration detention, the lack of any evidence of bad faith on Mr. Lopez's part, and the government's consent, this Court will grant the habeas petition to the extent of directing that the IJ conduct a bond hearing.

Mr. Lopez seeks attorney's fees in his habeas petition. Because he is proceeding *pro se*, an award of attorney's fees is not warranted or authorized. *See Beebe v. Schultz*, No. 14-1385, 2014 WL 2196767, at *2 n.8 (D.N.J. May 27, 2014) ("To the extent Plaintiff seeks attorney's fee in connection with this matter, Plaintiff's application is denied because Plaintiff is proceeding *pro se*."); *Ware v. Transport Drivers, Inc.*, 30 F. Supp. 3d 273, 274 n.5 (D. Del. 2014) ("Plaintiff currently proceeds pro se, and, therefore, attorneys fees are not recoverable.").

## III. CONCLUSION

For the foregoing reasons, the habeas petition is denied and granted in part. The habeas petition is denied to the extent that it challenges petitioner's removability but is granted to the extent it challenges petitioner's immigration detention. A bond hearing shall be ordered to take place before an IJ. An appropriate order will be entered.

DATED: June 8, 2017

_____
KEVIN MCNULTY
United States District Judge